UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICAN EMPIRE SURPLUS LINES
INSURANCE COMPANY,

                              Plaintiff,

-against-

J.R. CONTRACTING & ENVIRONMENTAL
CONSULTING, INC.,

                              Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/14/2023
```

23 Civ. 4942 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, American Empire Surplus Lines Insurance Company, alleges that Defendant, J.R. Contracting & Environmental Consulting, Inc., failed to pay a premium owed to Plaintiff under an insurance contract. Compl. ¶¶ 6–14, ECF No. 1. Defendant moves to transfer this action to the District of New Jersey. ECF No. 27; *see* Def. Mem., ECF No. 28. For the reasons stated below, Defendant's motion is DENIED.

## BACKGROUND

    Plaintiff, an insurance company domiciled in Ohio, seeks $487,386 as an additional premium allegedly owed by Defendant, a contractor domiciled in New Jersey, under a "Commercial Excess Liability Policy" (the "Policy"). Compl. ¶¶ 1–2, 6–13. Under the Policy, Defendant agreed to pay Plaintiff an "Advance Premium" based on an estimate of Defendant's "gross receipts during the policy period." *Id.* ¶¶ 7–8. The premium is "subject to adjustment if an audit by [Plaintiff] reveal[s] that the gross receipts exceeded the initial estimate." *Id.* ¶ 8. Plaintiff alleges that after an audit, it determined that Defendant owes $487,386 in additional premium, which Defendant has failed to pay. *Id.* ¶¶ 10–14.

    Plaintiff claims that venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as "a substantial part of the events or omissions giving rise to the claim occurred in New York County."

*Id.* ¶ 5. Defendant now moves to transfer the action to the District of New Jersey pursuant to 28 U.S.C. § 1404(a), arguing that the Southern District of New York is an inconvenient forum. Def. Mem. at 1–2.

## DISCUSSION

### A. Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) (citation omitted). The party seeking transfer bears the burden of establishing by clear and convincing evidence that transfer is appropriate. *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010).

To determine whether transfer is warranted, a district court engages in a two-step inquiry. *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006). "First, the court must determine whether the action sought to be transferred is one that might have been brought in the transferee court. Second, the court must evaluate . . . several factors relating to the convenience of transfer and the interests of justice." *Id*. (internal quotation marks and citations omitted). The factors to be considered at the second step include:

> (1) the locus of the operative facts; (2) the convenience of the witnesses; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the convenience of the parties; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based on the totality of the circumstances.

*Royal Ins. Co. of Am. v. Tower Recs., Inc.*, No. 02 Civ. 2612, 2002 WL 31385815, at *3 (S.D.N.Y. Oct. 22, 2002). "There is no rigid formula for balancing these factors and no single

one of them is determinative. Instead, weighing the balance is essentially an equitable task left to the Court's discretion." *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000) (internal quotation marks and citations omitted).

   B. <u>Analysis</u>

The parties do not dispute that this action could have been brought in the District of New Jersey, where Defendant is domiciled. *See* 28 U.S.C. § 1391(b)(1) (a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"). Transfer, therefore, turns on the "convenience" factors and the interests of justice.

The first factor, the locus of the operative facts, is "traditionally an important factor to be considered in deciding where a case should be tried." *Royal Ins. Co. of Am.*, 2002 WL 31385815, at *3 (citation omitted). In a breach-of-contract action, the locus of operative facts turns on "where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred." *Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 842 (S.D.N.Y. 2012) (citation omitted). Here, Plaintiff admits that "the insurance policy was issued in New Jersey." Pl. Mem. at 5, ECF No. 33. Plaintiff argues, however, that the critical issue is the additional premium, which is largely "attributable to jobs performed by [Defendant] in New York." *Id.* Although Defendant disputes that the majority of its projects were in New York, it concedes that it performed eleven construction projects here, subject to the Policy, during the relevant time. Reply at 5–6, ECF No. 36. The Court finds, therefore, that the locus of operative facts is divided between New Jersey and New York, and leans slightly in favor of transfer.

Second, Defendant argues that the convenience to New Jersey-based witnesses and Defendant itself weighs in favor of transfer. Defendant contends that with the exception of Plaintiff, "all party and non-party witness[es]"—including Defendant, the insurance brokers, Plaintiff's auditor, and

3

Defendant's potential experts—"reside in New Jersey." Def. Mem. at 6. But the Southern District is located just 24.5 miles from Defendant's Wayne, New Jersey headquarters—just 5.7 miles further than the District of New Jersey's Newark courthouse. ECF Nos. 32-7, -8. Defendant fails to explain why this negligible difference will materially inconvenience it. *See Ideavillage Prod. Corp. v. Bling Boutique Store*, No. 16 Civ. 9039, 2017 WL 1435748, at *2 (S.D.N.Y. Apr. 21, 2017) (explaining that "litigating in the District of New Jersey would offer marginal, if any, convenience over litigating in the present forum" where "Plaintiff's New Jersey headquarters are a mere 50 miles from the Southern District."). Nor does Defendant demonstrate that any of the New Jersey-based witnesses will be inconvenienced by travel to the Southern District; it only states, in a conclusory fashion, that "it is clear that the convenience factors favor transfer." Def. Mem. at 6; *see Worldcom Techs., Inc. v. ICC Inteleca Commc'ns, Inc.*, 37 F. Supp. 2d 633, 638 (S.D.N.Y. 1999) (denying transfer where defendant failed "to name witnesses located in New Jersey that will be inconvenienced by travel to New York"). Further, Defendant does not specifically identify any witnesses who would be unwilling to appear in New York. *See Mendes Junior Int'l Co. v. Banco Do Brasil, S.A.*, 15 F. Supp. 2d 332, 339 (S.D.N.Y. 1998). Nor does it identify any who would be outside this Court's 100-mile subpoena radius. *See Cohn v. Metro. Life Ins., Co.*, No. 07 Civ. 928, 2007 WL 1573874, at *5 (S.D.N.Y. May 31, 2007); *see also* Fed. R. Civ. P. 45(c)(1)(A). These factors are, therefore, neutral.

Third, Defendant contends that the "location of documents and access to sources of proof favors transfer," although it concedes that "[i]n an era of electronic documents, easy copying[,] and overnight shipping, this factor assumes much less importance than it did formerly." Def. Mem. at 6 (quoting *Starr Indem. & Liab. Co. v Brightstar Corp.*, 324 F. Supp. 3d 421, 441 (S.D.N.Y. 2018)). This factor is likewise neutral. *See Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007).

Fourth, Plaintiff chose to bring this action in the Southern District, a choice that is ordinarily afforded significant weight unless the forum "is neither their home nor the place where the operative facts of the action occurred." *Dwyer v. Gen. Motors Corp.*, 853 F. Supp. 690, 694 (S.D.N.Y. 1994). It is true that Plaintiff, an Ohio corporation, is not at home in New York. But as stated above, at least some of the operative facts occurred in New York. Because "Plaintiff's choice of forum is entitled to deference, . . . this factor tips slightly in Plaintiff's favor," despite the somewhat "weak connection with this District." *Cohn*, No. 07 Civ. 0928, 2007 WL 1573874, at *2.

Fifth, "[w]here disparity exists between the parties, such as an individual plaintiff suing a large corporation, the relative means of the parties may be considered." *Starr*, 324 F. Supp. 3d at 441. Here, although Defendant characterizes itself as a "small" contractor, Def. Mem. at 10, Defendant presents no evidence of a significant wealth disparity between the parties. Because both parties are corporate entities, this factor is neutral.

Sixth, Defendant notes that New Jersey law governs the Policy. But "[a] court's familiarity with the governing law is generally given little weight, as 'federal courts commonly apply state substantive law, which may not be the law of the state in which the federal court sits.'" *Starr*, 324 F. Supp. 3d at 441 (quoting *Freeplay Music, LLC v. Gibson Brands*, Inc., 195 F. Supp. 3d 613, 620–21 (S.D.N.Y. 2016)). Accordingly, this factor is also neutral.

Finally, this Court considers trial efficiency and the interests of justice based on the totality of the circumstances. "[T]he farther along a case is in the litigation process, the less efficient a transfer would be." *Id.* Defendants argue that this case, which was filed in June 2023, is "still in its infancy." Def. Mem. at 12. But as Plaintiff points out, the parties have "conferred and agreed upon an initial discovery schedule," "engaged in the initial exchange of Rule 26 disclosure and the service of discovery demands," and "participated in two pre-mediation conference calls with a[n] SDNY

5

mediator." Pl. Mem. at 4–5. With discovery underway, transfer would likely delay the ultimate resolution of this case. This factor, therefore, weighs slightly against transfer.

After considering all of the factors, the Court finds that Defendant has failed to establish by clear and convincing evidence that Plaintiff's choice of forum should not stand. Although New Jersey arguably has a closer connection to the operative facts, Defendant has not proven that litigating this case in the nearby Southern District would cause the parties or witnesses any undue inconvenience.

For the foregoing reasons, Defendant's motion to transfer venue is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 27.

SO ORDERED.

Dated: December 14, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge