

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __1/31/2024__

Attorneys at Law
**L'Abbate, Balkan, Colavita & Contini, L.L.P.**
3 Huntington Quadrangle, Suite 102S, Melville, New York 11747
T.516.294.8844  F.516.294.8202
www.lbcclaw.com

Maureen E. O'Connor
Of Counsel
moconnor@lbcclaw.com

January 29, 2024

**_BY ECF_**

Honorable Analisa Torres
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     *American Empire Surplus Lines Insurance Company v. J.R. Contracting &*
        *Environmental Consulting, Inc.*
        Docket No. 23-CV-04942-AT

Dear Judge Torres:

We represent plaintiff American Empire Surplus Lines Insurance Company ("American Empire") in the referenced matter. This letter is respectfully submitted in opposition to and seeking to strike the First Amendment to J.R. Contracting & Environmental Consulting, Inc.'s Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26." ("Amended Rule 26 Statement")(copy attached). By way of this Amended Rule 26 Statement, defendant J.R. Contracting & Environmental Consulting, Inc. ("J.R. Contracting"), seeks to improperly circumvent the Court's Scheduling Order and name a potential expert witness without having followed the procedure and missing the deadline to do so. For these reasons, American Empire's requests that J.R. Contracting's improper attempt to designate an expert witness be denied, and its Amended Rule 26 Statement be stricken.

Rule 26(2)(D) provides in part:

*(D) Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders.

The deadline for the completion of fact discovery contained in this Court's Initial Scheduling Order (dated August 22, 2023, ECF No. 22) was extended to January 26, 2024 (by Memorandum Endorsement dated November 28, 2023, ECF No. 35).  Paragraphs 7.a. and b. of the Initial Scheduling Order provide:

> *7.a.  All <u>expert</u> discovery shall be completed no later than January 26, 2024…*
>
> *b.  No later than thirty (30) days prior to the date in paragraph 5, <u>i.e.</u>, the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).*

Based upon this, no later than December 27, 2023, a meet and confer was due between the parties to agree upon a schedule for expert disclosures, and all expert disclosures and discovery were to be completed by January 26, 2024.  We note that our receipt on January 29, 2024 (at <u>4:50 p.m.</u>) of defendant's Amended Rule 26 Statement is the first time we have been notified by defendant of its intention to retain an expert.  We further note that the Amended Rule 26 Statement sets forth as follows:

> ***5. Rule 26(a)(2). Disclosure of Expert Testimony.***
>
> *RESPONSE: J.R. hereby identified [sic] the following witnesses it may use at trial to present evidence under the Federal Rules of Evidence 702, 703 or 705:*
>
> 
>
> *Arthur Nelson*
> *Atlantic Surety & Insurance Agency*
> *1767 Morris Ave, Suite 320*
> *Union, NJ 07083*
>
> 
>
> *Mr. Nelson <u>will author a report</u> and provide relevant testimony with respect to, among other things, the interpretation of the commercial excess liability policy at issue in this litigation and the impact of relevant exclusions contained therein on any associated premium calculation.*

Notably, in addition to defendant's complete disregard for this Court's Scheduling Order and deadlines, apparently the proposed expert has not yet even completed a report which could be subject to exchange.

To allow defendant to proceed in this manner in utter disregard of Court-imposed deadlines and Orders will result in prejudice to be suffered by American Empire in the delay which will undoubtedly accompany such expert disclosure and accompanying discovery proceedings. There is presently a deadline of February 9, 2023 (less than two (2) weeks from today's date), to submit pre-motion requests, and American Empire intends to abide by this deadline and submit a request to file a summary judgment motion. To-date in this litigation, there has been a history of delay on the part of defendant J.R. Contracting, including in raising the expert issue, all of which mandates in favor of denial of defendant's use of this expert witness.

Based upon the foregoing, it is respectfully requested that this Court strike J.R. Contracting's Amended Rule 26 Statement seeking to improperly and untimely name an expert witness.

Respectfully Submitted,

L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.

*Maureen E O'Connor*

MEO/hs
Attachment

MAUREEN E. O'CONNOR

cc:       Defendant's counsel (*by ECF*)

On January 30, 2024, District Court Judge Torres referred this matter for general pretrial supervision (including scheduling, discovery, non-dispositive pretrial motions, and settlement) and the specific non-dispositive motion/dispute regarding Plaintiff's letter motion to strike Defendant's amended Rule 26 statement at ECF No. 41. (Order of Reference, ECF No. 43.)

Upon review of the filings at ECF No. 41 and ECF No. 42, Plaintiff's request to strike Arthur Nelson as an expert witness on behalf of Defendant is DENIED. The Court finds, in its discretion, that Defendant has shown good cause in its January 29, 2024 Letter (ECF No. 42) for serving its amended disclosures on January 26, 2024. *See* Fed. R. Civ. P. 16(b)(4). The parties shall cooperate in completing expert discovery by the current deadline of March 11, 2024. (See 11/28/24 Order, ECF No. 35 (extending consent request for all deadlines that followed fact discovery provided in the Civil Case Management Plan and Scheduling Order (ECF No. 22) deadline by 45 days).)

SO ORDERED.
Dated: January 31, 2024

*Stuart D. Aaron*